## Cecil v. Cecil.

(Decided October 31, 1919.)

### Appeal from Boyle Circuit Court.

1. Divorce—Evidence.—In a suit for an absolute divorce, plaintiff having failed to support the allegations of his petition by sufficient proof, the chancellor properly dismissed the petition.
2. Divorce—Abandonment.—To entitle plaintiff to a divorce on the ground of abandonment, the abandonment must have existed for at least one year and proof taken before the expiration of the year is not competent.

ED. C. O'REAR, J. C. JONES, E. H. GAITHER and J. W. RAWLINGS for appellant.

HENRY JACKSON and C. C. FOX for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

This suit for divorce was filed by appellant March 28, 1917, alleging, (a) that his wife, appellee, since 1910,

had refused to live with him as his wife; (b) that she had living in their home, against his wishes, certain of her relatives, who were unfriendly to him and who caused discord in the home; (c) that his wife, though receiving a separate allowance from his estate, was co-operating with others in an effort to deprive him of his estate, and (d) that his wife refused to speak to his relatives or let them visit his home and had frequently requested him to secure a divorce from her; she had made his life unhappy, all of which indicated a settled aversion towards him.

The prayer of the petition was for a divorce *a mensa.* In an amended petition filed November 8, 1917, it was alleged that appellee abandoned him in October, 1916, had not since said date lived with him as his wife, and he asked for an absolute divorce. January 5, 1918, an answer was filed denying the allegations of the amended petition. The petition having been lost or misplaced, it was stated in the answer that the allegations of the petition were not true and permission was asked to file further answer when the petition was found.

April 27, 1918, the petition was again amended asking for an absolute divorce on the ground that on April 16, 1917, appellee had abandoned appellant without fault on his part, that she had left his home and had not lived with him since that time. These dates have a special bearing upon a decision of this appeal.

After several depositions had been taken in behalf of appellant and duly filed, and appellant having announced that he had finished taking proof, appellee filed a demurrer to the proof and a motion to dismiss the petition because appellant had failed in his effort to prove or sustain a cause of action. Though this procedure was somewhat out of the ordinary we will treat the cause as having been submitted on the merits.

From a judgment dismissing the petition as twice amended, this appeal has been taken.

A reversal is asked because, (1) appellant treated appellee kindly and had made ample provision for her, and (2) appellee had abandoned him for more than one year prior to the filing of the second amended petition.

The point is made that because of the failure to deny the allegations of the original petition and the second amendment in the absence of any proof by appellee, appellant was entitled to a judgment under his proof.

Under sec. 2119, Ky. Statutes, no petition for divorce shall be taken for confessed, or be sustained by the admission of the defendant alone, but must be supported by other proof.

It is evident the parties to this appeal were living separately and occupying different rooms during a portion of the time covered by the depositions, but as to which one is responsible for this mode of living the record is silent.

The evidence as to the relation of the parties is as favorable to appellee as appellant, and all the proof was taken in his behalf; while there is testimony he was kind to his wife, we find the witnesses thus expressing themselves as to her—she was faithful and attentive, seemed to think a heap of him,—as fine a lady as I ever knew, just a fine woman, just fine; never worked for a better woman in my life,—made him a good wife,—she talked to him nicely,—she always tried to do everything for him,—gave him good care,—treated him well.

Such testimony as this by appellant's witnesses conclusively shows that he has failed to meet the requirements of the statute.

On the question of adandonment there is a like failure of proof. One witness, a transfer man, says he moved appellee some time in the spring of 1917; did not remember the month. Another, her landlord, says she rented his house as of May 1, 1917, and thinks she moved in about a week or ten days before that time. This is all the proof on this point.

The allegation in the second amended petition that the abandonment took place April 16, 1917, negatives the claim of the earlier abandonment (October, 1916) set forth in the first amendment. The nearest approach to any evidence of the April, 1917, abandonment is found in the testimony of appellee's landlord, that she moved into his house in Danville a week or ten days prior to May 1. Giving to this statement the greatest expanse of time possible would make her occupancy of the house April 22, 1917—hence there had been no abandonment of appellant on April 16, as alleged, and appellant's case fails.

Another thing, the depositions of the transfer man and the landlord above referred to were taken March 2, 1918, and filed March 7, 1918, more than a month before the second amended petition was filed alleging the abandonment in April, 1917. In other words the proof

of the abandonment not only preceded the allegation of the amended petition but antedated the expiration of the year's abandonment by about six weeks.

Being satisfied of the correctness of the judgment appealed from, same is accordingly affirmed.